# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Michelle Rollins Carroll, ) | Civil Action No. 1:18-cv-02273-JMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Andrew M. Saul, *Commissioner of* ) | |
| *Social Security Administration*, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action arises from Plaintiff Michelle Rollins Carroll's application to the Social Security Administration seeking disability insurance benefits ("DIB") and social security income ("SSI") under the Social Security Act ("the Act"), 42 U.S.C. § 405(g) (2019). The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report") recommending that the court affirm the Commissioner's final decision because "the court cannot determine that the Commissioner's decision is supported by substantial evidence." (ECF No. 18 at 54.) For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 18) and **REVERSES** the Commissioner's final decision.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 18 at 2–35.) In November 2014, Plaintiff applied for DIB and SSI with a disability onset date of July 1, 2013. (*Id.* at 2 (citing ECF No. 9-3 at 2, 15; 9-6 at 2–13).) Plaintiff alleged disability due to degenerative disc disease of the lumbar spine, peripheral neuropathy, polyarthralgia, obesity, and mental impairments, including depression and dependent personality disorder. (ECF No. 9-3 at 38.) The Social Security Administration denied

Plaintiff's initial application and her subsequent request for reconsideration. (ECF No. 18 at 2 (citing ECF Nos. 9-3 at 63–67; 9-4 at 11–16).) In May 2017, Plaintiff appeared before an Administrative Law Judge ("ALJ") seeking a review of her application. (*Id.* (citing ECF No. 9-2 at 48–89).) In July 2017, the ALJ issued an "Unfavorable Decision" that denied Plaintiff's application. (*Id.* (citing ECF No. 9-2 at 20–43).) The Report provides the ALJ's findings of fact and conclusions of law, as follows:

> The claimant meets the insured status requirements of the Social Security Act through June 30, 2017 [].
>
> The claimant has not engaged in substantial gainful activity since October 23, 2014, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, peripheral neuropathy, polyarthralgia, obesity, mood disorder, anxiety, and dependent personality disorder (20 C.F.R. §§ 404.1520(c) and 416.920(c)).
>
> The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).
>
> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that the claimant can never climb ladders, ropes and scaffolds; the claimant can only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; the claimant must avoid concentrated exposure to extreme cold or heat and workplace hazards, such as unprotected heights and moving machinery; the claimant can perform simple, routine tasks for two-hour blocks of time with normal rest breaks during an eight-hour workday at a non-production pace; and the claimant can only have occasional interaction with the general public.
>
> The claimant is unable to perform any past relevant work (20 C.F.R. §§ 404.1565 and 416.965).
>
> The claimant was born on December 27, 1974 and was 39 years old, which is defined as a younger individual age 18–44, on the alleged disability onset date (20 C.F.R. §§ 404.1563 and 416.963).

> The claimant has a limited education and is able to communicate in English (20 C.F.R. §§ 404.1564 and 416.964).
>
> Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills (*See* S.S.R. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
> Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
> The claimant has not been under a disability, as defined in the Social Security Act, from October 23, 2014, through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).

(*Id.* (citing ECF No. 9-2 at 26–36) (internal citations omitted).) The Appeals Council denied Plaintiff's appeal thereby rendering the ALJ's assessment to be the final decision of the Commissioner. (*Id.* (citing ECF No. 9-2 at 2–7).)

Plaintiff filed a Complaint on August 15, 2018. (ECF No. 1.) The Commissioner filed the administrative record on January 18, 2019. (ECF No. 9.) Plaintiff filed a brief on February 25, 2019, claiming that (1) the ALJ did not appropriately consider Plaintiff's efforts to obtain pain relief; (2) the ALJ did not adequately consider the treating physician's opinion in light of the factors in 20 C.F.R. §§ 404.1527, 416.927; and (3) the ALJ erroneously relied on the Vocational Expert's ("VE") testimony. (ECF Nos. 13 at 11, 14, 15; 18 at 35–36.) The Commissioner filed a brief on November 20, 2019, asserting that substantial evidence supports the ALJ's findings. (ECF No. 14.) Specifically, The Commissioner argues that the ALJ evaluated Plaintiff's symptoms in accordance with 20 C.F.R. §§ 404.1529, 416.929, and S.S.R. 16-3p. (*Id.* at 16–17).) The Magistrate Judge issued a Report on November 20, 2019, recommending that this court reverse the Commissioner's final decision and remand the case for further administrative proceedings. (ECF No. 18 at 54.) The Commissioner timely filed Objections to the Report on December 3, 2019. (ECF No. 19.)

3

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id*. at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. *See* 28 U.S.C. § 636(b)(1). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See id.*

## III. DISCUSSION

### A. The Commissioner's Objections

According to the Commissioner, the Magistrate Judge "misinterpreted the regulation concerning the evaluation of subjective complaints and opinion evidence" by finding that (1) "although the ALJ cited multiple factors supporting his determination that Plaintiff's subjective complaints were inconsistent with the record . . . the ALJ's evaluation of Plaintiff's subjective

complaints was deficient because he did not explicitly discuss other treatment Plaintiff received"; and (2) "although [finding] the 'ALJ cited good reasons to support his decision not to give controlling weight to [Dr. W. Lance Miller, M.D.]'s opinion'" and "although 'the ALJ noted Dr. Miller was a 'treating provider with a longitudinal history with the claimant,' the ALJ's decision was not supported by substantial evidence because the ALJ did not explicitly discuss the length of treatment relationship and frequency of examination." (ECF No. 19 at 1–2 (citing ECF No. 18 at 44–45, 51–53)).)

    B.  The Court's Review

        1.  *Subjective Complaints*

The Magistrate Judge determined that "[d]espite the ALJ's citation of multiple factors supporting his decision to reject some of Plaintiff's alleged symptoms as inconsistent with the evidence, he ignored evidence he was required to consider pursuant to S.S.R. 16-3p and 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3)." (ECF No. 18 at 44.) The Commissioner asserts that "[t]he ALJ properly evaluated Plaintiff's subjective complaints in accordance with the pertinent rulings and regulations." (ECF No. 19 at 2.) Moreover, the Magistrate Judge erred by finding that "the ALJ's evaluation of Plaintiff's *subjective* complaints was deficient and that remand is warranted solely because the ALJ did not explicitly discuss other treatment Plaintiff received[,] such as occasional injections, lumbar muscle stimulation with heat, ultrasound therapy, and massage." (*Id.* at 3–4 (citing ECF No. 18 at 44–45) (emphasis added).)

An ALJ must follow a two-step process in order to evaluate the intensity, persistence, and limiting effects of symptoms in disability cases. *See Craig v. Chater*, 76 F.3d 585, 594–596 (4th Cir. 1996); 20 C.F.R. §§ 404.1529, 416.929; S.S.R. 16-3p, 2017 WL 5180304 (Oct. 25, 2017). At the first step, "there must be objective medical evidence showing 'the existence of a medical

impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.'" *Craig*, 76 F.3d at 594 (quoting 20 C.F.R. §§ 416.929(b), 404.1529(b)). However, this is not equivalent to requiring objective evidence of the pain or other symptoms themselves. *Id.* When a claimant satisfies the first part of the test, an ALJ must next evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." *Id.* at 595 (citing 20 C.F.R. §§ 416.929(c)(1), 404.1529(c)(1)). "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence[.]'" *Id.* (citing 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). "Although a claimant's allegations about [his or] her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence[.]" *Id.*

In evaluating the intensity, persistence, and limiting effects of an individual's symptoms, ALJs are to consider, among other factors, "[t]reatment, other than medication, an individual receives or has received for relief of pain or other symptoms." S.S.R. 16-3p, 2016 WL 119029, at *7; 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(v). Pursuant to S.S.R. 16-3p, ALJs will not discuss specific factors relevant to evaluation of the intensity, persistence, and limiting effect of an individual's symptoms "[i]f there is no evidence of record regarding one of the factors," but "will discuss the factors pertinent to the evidence of record." *Id*. Furthermore, "[p]ersistent attempts to obtain relief of symptoms, such as . . . trying a variety of treatments . . . may be an indication that an individual's symptoms are a source of distress and may show that they are intense and persistent." *Id*. at *8. They must evaluate the "individual's symptoms considering *all* the evidence in his or her record." *Id*. (emphasis added).

6

Here, the record demonstrates that Plaintiff occasionally presented to Dr. Miller for injections and frequently presented to Dr. Miller and his staff for lumbar muscle stimulation with heat, ultrasound therapy, and massage, in addition to obtaining medications for her lower back pain, spasms, and inflammation. (ECF No. 18 at 45 (citing ECF Nos. 9-9 at 33, 37–42, 53–62, 64–72; 9-10 at 3, 8, 13–23, 26–27, 30–31, 37, 40–45, 56–63, 70–74, 76; 9-12 at 8, 18–21, 28, 34–41, 44–49).) The Magistrate Judge reasoned that the ALJ's assessment is insufficient because, "[d]espite Plaintiff's receipt of these other treatments during many visits, the ALJ's decision contains no reference to them." (*Id.* (citing ECF No. 9-2 at 26–37.) Moreover, "[b]ecause the record contained evidence of treatment, in addition to medications, used to relieve Plaintiff's pain, the ALJ was required pursuant to S.S.R. 16-3p to explicitly address this evidence in evaluating Plaintiff's allegations." (*Id.*) Consequently, the ALJ's "failure to do so renders his evaluation of Plaintiff's subjective symptoms unsupported by substantial evidence." (*Id.*) The court agrees.

Under the relevant social security regulations, the ALJ's evaluation *must* take into account not only the claimant's statements about her pain, but also "all the available evidence," which includes any objective medical evidence of pain like evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc. *See* 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2). Any other evidence relevant to the severity of the impairment must also be accounted for, such as evidence of the claimant's daily activities, specific descriptions of the pain, and *any medical treatment taken to alleviate it*. *See* 20 C.F.R. §§ 416.929(c)(3), 404.1529(c)(3); *see also Craig*, 76 F.3d at 595.

The court is unpersuaded by the Commissioner's claim that the ALJ did consider *some* of the pertinent medical records amounts to substantial evidence and that "[t]here was nothing exceptional about these appointments and conservative treatments that would justify remand."

7

(ECF No. 19 at 2–3, 5 (citing ECF Nos. 18 at 43–44; 9-2 at 31–33; 9-9 at 63; 9-10 at 46, 64, 86; 9-11 at 3, 6, 10–14; 9-12 at 2–60)).) The Commissioner also contends that "[t]his court previously has previously recognized that an ALJ need not explicitly discuss each element of a regulation in order to account substantively for the regulatory factors," but this side-steps the issue of whether the ALJ fulfilled the statutory requirements. (*Id.*)[1] The ALJ's deviation from a mandatory examination of *all* relevant medical records effectively eliminates all but one outcome in this case – remand. Stated differently, the ALJ's discretion is absolute and prevents the court from substituting its judgment retroactively. When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d 585 at 589). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Plaintiff met the "threshold obligation of showing by objective medical evidence [of] a condition reasonably likely to cause the pain claimed[.]" *See Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). Indeed, Plaintiff is "entitled to rely exclusively on subjective evidence to prove the second

---

[1] The Commissioner cites: *Brown v. Colvin*, No. 6:13-2939-BHH-KFM, 2015 WL 1146840, at *17 (D.S.C. January 30, 2015) (citing *Clontz v. Astrue*, No. 2:12-CV-00013-FDW, 2013 WL 3899507, at *7 (W.D.N.C. July 29, 2013) (finding that the regulations do not require the ALJ to specifically discuss every factor in 20 C.F.R. §§ 404.1527(c), 416.927(c)); *see also Hendrix v. Astrue*, No. 1:09-01283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010) ("[A]n express discussion of each factor is not required as long as the ALJ demonstrates that he applied the 20 C.F.R. § 404.1527(c) factors and provided good reasons for his decision."); *Warren v. Astrue*, No. 5:08–CV–149–FL, 2009 WL 1392898, at *3 (E.D.N.C. May 18, 2009) (holding that an express "factor-by-factor analysis" is not required and that the ALJ did not err by failing to discuss all of the factors); *Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013) (rejecting claimant's argument that ALJ erred because he did not specifically address each factor set forth in 20 C.F.R. § 404.1527(c): "[O]ur inquiry is limited to whether the ALJ sufficiently accounted for the factors in 20 C.F.R. §§ 404.1527 . . . and built an 'accurate and logical bridge' between the evidence and his conclusion. We find that deferential standard met here"). (ECF No. 19 at 4.)

part of the test, i.e., that [the] pain is so continuous and/or severe that it prevents [Plaintiff] from working a full . . . day." *Id*. The ALJ's minimal discussion of the medical evidence is not a reflection of a lack of evidence the record and the absence of a comprehensive discussion of Plaintiff's subjective complaints is not harmless. The court finds that the Magistrate Judge correctly determined that remand is warranted regarding this issue. (ECF No. 18 at 44.)

    2. *Treating Physician's Opinion*

The Magistrate Judge concluded that even though "[t]he ALJ cited good reasons to support his decision not to give controlling weight to Dr. Miller's opinion, noting discrepancies between Dr. Miller's opinions and his treatment notes, as well as other evidence of record that appeared to be inconsistent with Dr. Miller's opinion[,] the ALJ's decision does not reflect thorough consideration of all relevant factors in 20 C.F.R. §§ 404.1527(c), 416.927(c). (*Id.* at 51–52 (citing ECF No. 9-2 at 31–34).) The Commissioner objects and contends that "[t]he ALJ properly considered the opinion of Dr. Miller in accordance with 20 C.F.R. §§ 404.1527(c), 416.927(c)" and that the Magistrate Judge erred in finding "the ALJ's decision fail[ed] to show he considered the nature and extent of Dr. Miller's treatment relationship with Plaintiff." (ECF No. 19 at 6, 8 (citing ECF No. 18 at 52; 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii)). Alternatively, the Commissioner asserts that (1) "the ALJ specifically stated that he considered the opinion evidence in accordance with the requirements of 20 CFR §§ 404.1527[,] 416.927, and S.S.R. 96-2p"; (2) "acknowledged Dr. Miller's status as a primary care physician and longitudinal treatment history"; and (3) "immediately prior to his specific discussion of Dr. Miller's opinion, the ALJ provided a narrative discussion of Plaintiff's treatment history with Dr. Miller." (*Id.* at 8, 29–34 (citing 9-2 at 31; 9-10; 9-11; 9-12 at 2–60).)

Here, as the Commissioner points out, the Magistrate Judge acknowledged that the ALJ

9

provided "good reasons" for giving Dr. Miller's opinions little weight. (*Id.* at 8 (citing ECF No. 18 at 51 (citing ECF Nos. 9-2 at 34; 9-10 at 2, 12, 22, 46–47, 86; 9-11 at 54; 9-12 at 2–4, 16–17, 22–25.) Yet, "good reasons" and "complete reasons" are not synonymous.

Generally, an ALJ is required to give "greater weight to the testimony of a treating physician, [but] the rule does not require that the testimony be given controlling weight." *Mastro*, 270 F.3d at 178 (quoting *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)). In some instances, "a treating physician's opinion on the nature and severity of [a] claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." *Id*. (citing 20 C.F.R. § 416.927). Accordingly, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. The ALJ is entrusted with determining whether a claimant is disabled and cannot be bound by a treating physician's opinion regarding a claimant's ability to work. *See Sharp v. Colvin*, 660 F. App'x 251, 256 (4th Cir. 2016). Nevertheless, "[t]he [ALJ] is required to evaluate all evidence in the case record that may have a bearing on the determination of disability, including opinions from medical sources about issues reserved to the Commissioner." S.S.R. 96-5p, 1996 WL 374183, at *3 (July 2, 1996). (ECF No. 18 at 48–49.) However, if the ALJ issues a decision that is not fully favorable, his decision "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reason for that weight." S.S.R. 96-2p, 1996 WL 374188, at *5 (1996). The ALJ must "always give good reasons" to support the weight he gives to a treating physician's opinion. (ECF No. 18

at 49–50 (citing 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)).)

Here, the Magistrate Judge found that while Dr. Miller was "a treating provider with a longitudinal history with the claimant," the ALJ's assessment does not reflect consideration of the length of the treatment relationship and frequency of examination. (*Id.* at 52 (citing 20 C.F.R. §§ 404.1527(c)(2)(i), 416.927(c)(2)(i)).) The Report provides a summary of Plaintiff's treatment with Dr. Miller beginning on or prior to September 16, 2008. (*Id.* (citing ECF No. 9-11 at 24.) "After a period of infrequent treatment, Plaintiff returned to Dr. Miller for treatment on October 23, 2014." (*Id.* (citing ECF No. 9-9 at 20.) "Dr. Miller treated Plaintiff on [nineteen] (19) occasions between October 23, 2014, and April 2, 2015, when he provided the first opinion." Dr. Miller "treated Plaintiff on an additional [eleven] (11) occasions prior to rendering his second opinion." (*Id.* (citing ECF No. 9-10 at 40–45, 56–63, 69–76).) Dr. Miller then occasionally examined and provided treatment to Plaintiff, but generally supervised nurse practitioners who examined and treated Plaintiff as frequently as five times a month and as infrequently as every three months between July 2015 and January 2017. (*Id.* at 52–53 (citing ECF No. 9-10; 9-12 2–60) (including records from approximately [thirty-five] (35) visits during this period)).)

However, the court finds that the ALJ's decision fails to show he considered the nature and extent of the treatment relationship. *See* 20 C.F.R. §§ 404.1527(c)(2)(ii), 416.927(c)(2)(ii). Additionally, as the court discussed above, the ALJ neglected to consider the specific treatment that Dr. Miller and his staff provided for Plaintiff's back pain, including prescribing multiple medications, administering injections, and frequently performing lumbar muscle stimulation with heat, ultrasound therapy, and massage. (ECF No. 18 at 52–53 (citing 9-9 at 15–17, 27–29, 53–72; 9-10; 9-11; 9-12 at 2–60).) This kind of information is potentially crucial to the outcome of the case because the regulations direct the ALJ to accord controlling weight to treating physicians'

medical opinions that are well supported by medically acceptable clinical and laboratory diagnostic techniques and that are not inconsistent with the other substantial evidence of record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Lewis v. Berryhill*, 858 F.3d 858, 867 (4th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). Therefore, the ALJ's assessment leaves too much to speculation and thus remand is warranted on this issue.

Accordingly, the court finds that the Magistrate Judge did not err in determining that "the ALJ's decision is not supported by substantial evidence, as he neglected to consider Plaintiff's treating physician's opinion in accordance with 20 C.F.R. §§ 404.1527(c), 416.927(c)." (ECF No. 18 at 53.)

## IV. CONCLUSION

For the reasons stated herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 18), **REVERSES** the Commissioner's final decision, and REMANDS this case for further administrative proceedings to address the deficiencies outlined in this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 16, 2020
Columbia, South Carolina